UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AXIOM BANK, N.A.,

    Plaintiff,

v.                                                             Case No.: _____

PRIORITY PAYMENT SYSTEMS, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Axiom Bank, N.A. ("Axiom"), hereby sues Defendant, Priority Payment Systems, LLC ("Priority") (Axiom and Priority together, the "Parties," or individually, a "Party") seeking declaratory relief, and in support of its claims, states as follows:

### NATURE OF THE ACTION

1. This is an action seeking declaratory relief brought by Axiom to resolve a dispute regarding entitlement to funds paid by Priority to Axiom. Axiom asserts that the funds were compensation to Axiom and properly booked by Axiom as income. Priority asserts that Axiom was required to hold the funds as a "reserve," and that Priority is now entitled to return of the funds.

1

2. The Parties have conferred in an attempt to resolve this dispute, but continue to disagree regarding entitlement to the funds, and Priority has made a final demand for payment, which Axiom has declined. Accordingly, the matter is ripe for adjudication.

## **PARTIES**

3. Axiom is a national banking association with its principal place of business located at 258 Southhall Lane Ste 400, Maitland, FL 32751, Florida. Axiom's main office is also located in Florida.

4. Priority is a Georgia limited liability company with its principal place of business located at 2001 Westside Parkway, Suite 155, Alpharetta, Georgia. Priority's member is Priority Technology Holdings, Inc., a Delaware corporation. Priority Technology Holdings, Inc., is a publicly traded company under the ticker symbol PRTH.

## **JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Axiom and Priority are completely diverse citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest, costs, or attorneys' fees.

6. Venue is properly situated in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim

occurred in Orlando, Florida, and all of the property that is the subject of the action is situated in Orlando, Florida.

## GENERAL ALLEGATIONS

7. Priority is a registered ISO/MSP (*i.e.*, Independent Sales Organization / Merchant Services Provider) of Axiom.

8. An ISO/MSP is a third-party company that has a partnership with a card association member bank and provides merchants with payment processing services on behalf of the member bank. Stated differently, ISO/MSPs like Priority act as intermediaries between banks like Axiom and businesses that accept card payments from customers.

9. On or about February 15, 2021, Priority contacted Axiom seeking to establish a merchant account for a prospective customer, CarShield, a provider of automobile warranties.

10. After consideration of the proposed account, Axiom declined to approve merchant account for CarShield based on various risk factors associated with the business.

11. After some discussion between the Parties, however, the Parties were able to reach an agreement upon which both Axiom and Priority were willing to move forward (the "Agreement").

12. The Agreement was never reduced to writing; rather, the Agreement is evidenced by the Parties' written and oral communications and course of dealing from February 2021 through the present date.

13. Pursuant to the terms of the Agreement, in exchange for approval of the CarShield account, Priority agreed to pay to Axiom remittance of a flat percentage of CarShield's merchant volume "in lieu of a reserve" (the "Percentage Payment"). The Parties later agreed that the flat percentage would be 5%.

14. Axiom understood that the Percentage Payment would be compensation to Axiom. Upon information and belief, based on the Parties' pre-suit communications, Priority understood that the Percentage Payment would be funds that Axiom would hold in a reserve account.

15. Axiom disagrees with Priority's understanding of the Parties' Agreement as it relates to the proper treatment/application of the Percentage Payment, and Priority disagrees with Axiom's understanding of the Parties' Agreement as it relates to the proper treatment/application of the Percentage Payment.

16. Beginning in mid-2021, Axiom began remitting invoices to Priority for the sums agreed upon between the Parties in the Agreement. In accordance with the Parties' regular practice, Priority timely paid the invoices submitted by Axiom.

17. At no point did Priority object to any individual invoice received from Axiom or Axiom's treatment of the Percentage Payment.

18. In May 2023, however, Priority requested that Axiom return to Priority the Percentage Payments that were made in connection with the CarShield account. At that point, the disagreement of the Parties with regard to the treatment of the Percentage Payment was discovered.

19. Despite preliminary attempts to resolve this matter between the Parties, the dispute regarding the Parties' rights, duties, and obligations under the Agreement remains.

20. The amount of the disputed Percentage Payment exceeds $75,000.00. As such, the value of the object of the litigation exceeds the necessary jurisdictional threshold.

21. Accordingly, this matter is ripe for adjudication.

22. All conditions precedent to the institution of this action have been fulfilled, satisfied, or waived.

23. Axiom has retained the undersigned law firm to prosecute this action and has agreed to pay a reasonable fee for its services.

## COUNT I
### Declaratory Relief

24. Axiom incorporates the allegations from paragraphs 1 through 23 above, as though fully set forth herein.

25. Given the facts alleged herein, there is a bona fide, actual, present, and practical need for a declaration concerning the rights of the Parties in relation to the Percentage Payments.

26. The declaration that Axiom seeks concerns a present, ascertainable set of facts regarding the Parties' entitlement to the Percentage Payments.

27. The Parties also have adverse and antagonistic interests in the outcome of the declaration sought from the Court. Specifically, the Parties assert competing rights to the Percentage Payments that can only be resolved through a declaration from a court of competent jurisdiction.

28. All interested persons necessary for the Court to declare the rights and duties of the parties are joined in this lawsuit, and thus, the Court will be able to afford total and complete relief regarding the Parties' controversy. Neither Axiom nor Priority (upon information and belief) asserts any dispute that would require the joinder of CarShield.

29. Axiom has not filed this action seeking legal advice or an advisory opinion regarding future events or course of action.

WHEREFORE, Axiom respectfully request that the Court (1) take jurisdiction over the Parties and this dispute, (2) enter a judgment fully and completely declaring and adjudicating the rights of the parties to the

Percentage Payment and awarding same to Axiom, and (3) granting such further relief as the Court deems just and proper.

Dated: May 23, 2023.

                                  Respectfully submitted,

                                  /s/ *Christian Leger*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 0100562
cleger@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 481-6509
Facsimile: (407) 849-7258
*Attorneys for Plaintiff*

ORLDOCS 20587164 1